UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Hon. Jo Ann C. Stevenson
                                                                Chapter 13 Case No. 04-90452
ANN M. LINDHOLM

       Debtor.
_____/

ANN M. LINDHOLM,

       Appellant,
                                                                File No.  2:05-CV-49
v.
                                                                HON. ROBERT HOLMES BELL
BRETT N. RODGERS,

       Appellee.
_____/

## **MEMORANDUM OPINION AND ORDER**

       This matter is before the Court on appeal by Debtor Ann M. Lindholm.  Debtor appeals the Bankruptcy Court's January 10, 2005 order dismissing Debtor's Chapter 13 case, denying the United States Trustee's motion for sanctions against Debtor's attorney, and denying Debtor's motion for sanctions against the Chapter 13 Trustee.  The only issue before the Court on appeal is whether the Bankruptcy Court properly dismissed Debtor's Chapter 13 case for failure to qualify for relief under Chapter 13.  Because Debtor does not have a stable and regular income with which to make payments under the Chapter 13 Plan and 11 U.S.C. § 109(e) requires that a Chapter 13 debtor must be "a person with regular income," the decision of the Bankruptcy Court is affirmed.

I.

The Court echoes the Bankruptcy Court's sentiment that Debtor finds herself in an unfortunate and sympathetic situation. Debtor provides care for her severely handicapped son and is unable to work. On August 27, 1999, Debtor filed a Chapter 7 case in which she received a discharge. Subsequently, on May 19, 2004, Debtor filed a Chapter 13 bankruptcy petition. Debtor is not eligible for relief under Chapter 7 because she obtained a discharge within the last six years. *See* 11 U.S.C. § 727(a)(8). Debtor's Chapter 13 petition revealed that she owed $14,973.34 to various unsecured creditors and that she had a monthly income of $1,276.01 and monthly expenses of $1,677. Thus, she had a monthly budget deficit of $400.99. Along with her Chapter 13 petition, Debtor also filed a plan proposing zero payments be made to the Trustee and that the unsecured creditors receive nothing as well.

The Trustee objected to the confirmation of Debtor's plan and also filed a motion to dismiss the Chapter 13 case. On January 10, 2005, the Bankruptcy Court issued an opinion dismissing Debtor's case because she did not qualify for relief under Chapter 13. The Bankruptcy Court also denied the United States Trustee's and the Debtor's motions for sanctions. Debtor timely filed the present appeal based solely on the issue of whether her case was properly dismissed.

II.

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) which permits district courts of the United States to hear appeals from the bankruptcy courts of final

judgments, orders and decrees. The Court examines the bankruptcy court's findings of fact for clear error and the bankruptcy court's conclusions of law *de novo*. *See* BANKRUPTCY RULE 8013, *In re Baker & Getty Financial Services, Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997).

11 U.S.C. § 109 governs who may be a debtor under the Bankruptcy Code. Section 109(e) provides "[o]nly an individual with regular income . . . may be a debtor under chapter 13 of this title." An "individual with regular income" is defined in 11 U.S.C. § 101(30) as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker." A cursory review of the above provisions as applied to the facts of this case reveals that Debtor does not qualify as a "debtor under chapter 13." By its terms § 101(30) requires that an individual have a sufficiently stable income such that they are able to "make payments" under the Chapter 13 plan in order to qualify as a debtor. In this case, Debtor has a monthly budget deficit of $400.99. Consequently, she cannot "make payments" under the plan and thus does not qualify as a debtor under 11 U.S.C. § 109(e). *See In re Terry*, 630 F.2d 634, 635 (8th Cir. 1980) ("[§ 101(30)] contemplates that a debtor make payments, and that the debtor's income sufficiently exceeds his expenses so that he can maintain a payment schedule . . . The debtors in this case have no excess income out of which to 'make payments,' and therefore, they are not eligible for Chapter 13 relief under § 109(e)"); *In re Francis*, 273 B.R. 87, 92 (B.A.P. 6th Cir. 2002) ("There is, however, a *quid*

3

*pro quo* for the expanded discharge available under Chapter 13.  The debtor must devote all his projected disposable income for three years to the plan's payments.") (quoting *In re Keach*, 243 B.R. 851, 871 (B.A.P. 1st Cir. 2000)).  Accordingly, the Bankruptcy Court's January 10, 2005 order dismissing Debtor's case is affirmed.

Debtor's argument on appeal completely ignores the statutory requirements of § 109(e) and § 101(30).  Debtor instead focuses on whether a Chapter 13 plan that provides little or no payment to creditors is filed in good faith.  Whether Debtor may have filed her petition in good faith is not relevant to this case and does not provide an answer for her failure to satisfy the clear requirements of § 109(e).  The cases cited by Debtor are inapposite, addressing the standard for determining good faith under Chapter 13.  *See In re Kitchens*, 702 F.2d 885 (11th Cir. 1983); *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982); *In re Keach*, 243 B.R. 851 (B.A.P. 1st Cir. 2000).  Interestingly, each case involved a debtor who had a monthly income, as opposed to a deficit, and was able to make payments to their creditors. *See In re Kitchens*, 702 F.2d at 886 (debtor's estimated future monthly income was $1479 and the plan called for repaying unsecured creditors no more than 10% of their claims); *Deans*, 692 F.2d at 969 (debtor had monthly income of $862, monthly expenses of $733, "leaving a surplus of $129 per month from which her monthly payment to the trustee could be made."); *In re Keach* 243 B.R. at 854 (debtor's Chapter 13 plan called for payment to the IRS in 60 monthly payments of $600 and a $10,000 lump sum payment to the Chapter 13 trustee). Thus, the cases relied upon by Debtor are factually distinguishable from the present case.

Debtor simply has not provided any authority by which the Court could disregard the requirements of § 109(e) and permit her to discharge her debts in a Chapter 13 bankruptcy. Debtor does not qualify as a "debtor" under Chapter 13.  *See* 11 U.S.C. §§ 109(e), 101(30). Accordingly,

**IT IS HEREBY ORDERED** that the January 10, 2005 Order of the Bankruptcy Court is **AFFIRMED**.  Debtor's Chapter 13 case is dismissed.


Dated:    September 12, 2005            /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE